Loring, J.,
delivered the opinion of the Court.
The petitioner was a clerk in the Department of the Interior, and while holding that office, and on the 25th of April, A. D. 1851, he was appointed by the Secretary of the Interior the agent of that department to prepare for it án account of the London Industrial Exhibition. The appointment was made in writing, in which the general course of its duties was prescribed, including a report to be made “an appendage to the next annual report” of the department; and it was expressly stated as follows : “Neither is it expected of you to perform this important work gratuitously, and therefore your actual expenses whilst thus engaged, and such compensation as your services may reasonably and properly entitle you to, will be allowed.”
The petitioner accepted the agency to which he was thus appointed, and attended the exhibition in London during the term of its' existence in 1851, and labored there in the performance of his duties for nine months and upwards; and with the information and materials thus collected he returned to this country and city, and here elaborated his report in a further labor of eight months ; and the report being completed, it was returned to the Department of the Interior, and by its Secretary reported to Congress.
During all the time the petitioner was a clerk in the Interior Department, and was paid as such; and on his return to this country he resumed his place as clerk in the department, and officiated as such there while preparing the report of his agency.
His actual expenses in the agency were provided for, and he now claims a compensation for his services as agent of the government “to *124 take and prepare an account of the London Industrial Exhibition and make a report thereon.” His claim has been presented to the Department of the Interior, but not paid, and he alleges that he was informed by the Secretary of the Interior that it could not be paid because “ Congress had made no appropriation for paying it.”
The defendants object to the petitioner’s claim under the acts of August 23, 1842, (sec. 2, 5 U. S. L., 510,) and of August 26, 1842, (sec. 12, 5 U. S. L., 525,) and of September 30,1850, (9 U. S. L., 542, 543.)
The act of 23d August, 1842, is in these words: “ That no officer in any branch of the public service, or any other person whose salary, pay, or emoluments is or arc fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation in any form whatever, for the disbursement of public money, or for any other service or duty whatsoever, unless the same shall be authorized by law and the appropriation therefor explicitly set forth that it is for such additional pay, extra allowance, or compensation.”
We think the claim of the petitioner is within the act cited and barred by it. All the time of his agency he was a clerk in the Interior Department with pay, &c., “fixed by law or regulation;” and for services in his agency there was no compensation “authorized by law,” and there was not and never has been an appropriation therefor setting forth that it was for such compensation.
It was contended for the petitioner that the services he rendered in his agency were no part of his official duty, and could not have been required of him by the head of the department as connected with or incident to his official position; and that, by the authority of the Supreme Court in Converse v. The United States, (21 Howard’s Reports, 463,) he was entitled to compensation. But in the case cited the compensation claimed was authorized by law, and an appropriation was made for it, so that it is not an authority for the petitioner’s claim. And that case was decided by a majority of the court, and the opinion of the minority sustained the ruling of the court below. We do not -feel authorized, therefore, to adopt a doctrine beyond the decision made.'
The petitioner also claimed that his case was removed from the act of August 23, 1842, by the act of August 26, 1842, (sec. 12, 5 U. S. L., 525,) because the latter act was directly applied to clerks in the departments, and for them made the law and repealed the preceding law. We think this is not so. The act of August 26, section 12, is as follows : “ That no allowance or compensation shall be made to any clerk or other officer by reason of the discharge of duties which belong *125 to any other clerk or officer in the same department, and no allowance or compensation shall be made for any extra service whatever which any clerk or other officer may be required to perform.”
Mr. Robert B. Caverly for complainant.
Mr. J. A. Bingham, United States Solicitor, and Mr. J. J. Weed, Assistant Solicitor, for the government.
We think this relates to an entirely different matter from the act of 23d August, cited before, and is in no way inconsistent with it. The act of the 23d August refers to cases where no compensation is authorized by law and no appropriation made specifying it. But section 12 of the act of August 26 refers to services within the departments and pertaining to them, for which compensation is authorized by law ' and an appropriation made; and its objéct is to preclude a clerk or other officer in the department from extra pay for performing the duties of any other clerk or officer there, or for services pertaining to the department, though not to his usual and regular duty in it.
The decision of the court is that judgment be entered for the defendants.